# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5710 | **DATE** | 7/27/2012 |
| **CASE TITLE** | Chatonda Jackson vs. Board of Education | | |

**DOCKET ENTRY TEXT**

For the reasons stated above, Petitioner's Motion to Proceed *In Forma Pauperis* is denied because her federal statutory claims are improperly before the Court, and are therefore dismissed. Because the Court dismisses Chatonda's federal claims, it relinquishes supplemental jurisdiction over her pendent state-law claim to the state courts if she wishes to proceed with them in that forum. Chatonda's Motion for the Appointment of Counsel is denied as moot because her cause of action is dismissed by this Court.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

On September 8, 2010, Plaintiff Rosita Jackson Chatonda filed a Complaint with this Court and simultaneously moved to proceed *in forma pauperis* without the full prepayment of filing fees and for the appointment of counsel. Citing to the facts that Chatonda had acquired a job and the relative lack of complexity presented by her claims, the Court denied those motions on September 27, 2010. Chatonda now moves again to proceed *in forma pauperis* on the basis that her financial conditions have changed and for the appointment of counsel. For the reasons stated below, Chatonda's Motion to Proceed *In Forma Pauperis* is denied. Chatonda's Motion for the Appointment of Counsel is denied as moot. Her claims are dismissed for failure to state a claim upon which relief may be granted and are therefore improperly before the Court.

As stated in the Court's previous disposition of Chatonda's motions in 2010, her allegations occurred over a period of two years and nine months after she sent an email challenging "irregularities" in the Chicago Public School's hiring process. Chatonda's Complaint alleges that the Board of Education of the City of Chicago and various individuals and principals associated with the Board (collectively "Defendants") discriminated against her on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981 *et seq*. Chatonda further alleges that the Defendants discriminated against her in violation of the Age Discrimination Act of 1975, 42 U.S.C. § 6101 *et seq*., a rarely litigated federal statute that provides that "no person in the United States shall, on the basis of age, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any program or activity receiving Federal financial assistance." 42 U.S.C. § 6102. Finally, Chatonda alleges that the Defendants breached the Chicago Teachers Union Contract under Illinois

common law.

Pursuant to 28 U.S.C. § 1915(a), the Court may authorize Chatonda to proceed *in forma pauperis* if she is unable to pay the mandated filing fees. Chatonda need not be penniless to proceed *in forma pauperis* under § 1915(a)(1). *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, she is eligible to proceed *in forma pauperis* if payment of the filing fees will prevent her from providing for life's necessities. *See Id*. Chatonda is currently unemployed, and was last employed by the Chicago Teachers Union on July 13, 2011. The only income that Chatonda receives is $1,600.00 per month in public assistance funds. She does not have more than $200.00 in a checking or savings account, and does not own any stocks, bonds, securities or other financial instruments. Chatonda owns no real property, and does not own a car. The facts alleged in Chatonda's Financial Affidavit show the requisite level of poverty to waive payment of the mandatory filing fees.

The Court, however, must look beyond Charonda's financial status. The *in forma pauperis* statute, 28 U.S.C. § 1915, requires the Court to review an action of a plaintiff who seeks to proceed *in forma pauperis* and dismiss the action if it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if the plaintiff seeks damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003).

When evaluating whether a plaintiff has stated a claim in the context of an application for leave to proceed *in forma pauperis*, the Court applies the same standard as that for a motion to dismiss under Rule 12(b)(6). *See, e.g., Allen v. JP Morgan Chase*, 2010 WL 1325321 at *1 (N.D. Ill. 2010) (citing *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000)). When considering a Rule 12(b)(6) motion, the Court accepts as true all of the well-plead facts alleged in the complaint and construes all reasonable inferences in favor of the nonmoving party. *See Killingsworth v. HSBC Bank*, 507 F.3d 614, 618 (7th Cir. 2007) (citing *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006)); *accord Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir.1995). To properly state a valid claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true. . .state a claim to relief that is plausible on its face."*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal citations omitted). To determine whether a complaint meets this standard the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678. If the factual allegations are well-plead, the Court assumes their veracity and then turns to determine whether they plausibly give rise to an entitlement to relief. *See Id*. A claim has facial plausibility when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Id*. at 678. However, "courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

Here, Chatonda has stated claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981

*et seq.*, and the Age Discrimination Act of 1975, 42 U.S.C. § 6101 *et seq.*, as well as a claim for breach of contract under Illinois common law. Her statutory claims arising under federal law must be dismissed because Chatonda failed to exhaust her administrative remedies under the Acts by failing to file a charge of discrimination with the Equal Employment Opportunity Commission complaining of race discrimination as required by Title VII and by failing to file a complaint on the basis of age discrimination with the relevant federal agencies as required by the Age Discrimination Act and its implementing regulations. *See* 42 U.S.C. § 2000e-5(e) (Title VII); 42 U.S.C. § 6104(f) and 45 C.F.R. § 90.50 (Age Discrimination Act). As a general rule, a putative Title VII or Age Discrimination Act plaintiff may not bring claims in a lawsuit that were not presented to the relevant agency charged with enforcing the statute in a timely filed charge of discrimination. *See Gibson v. West*, 201 F.3d 990, 994 (7th Cir. 2000) (Title VII); *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) (Title VII); *Homola v. Southern Illinois University at Carbondale, School of Law*, 14 F.3d 604, *1 (7th Cir. 1993) (ADA); *see, e.g., Rannels v. Hargrove*, 731 F. Supp. 1214, 1221 (E.D. Penn. 1990) (ADA); *Suber v. Bulloch County Bd. of Educ.*, 722 F. Supp. 736, 742 (S.D. Ga. 1989) (ADA); *Popkins v. Zagel*, 611 F. Supp. 809, 812 (C.D. Ill. 1985) (ADA). This rule establishes the exhaustion of administrative remedies as a condition precedent to bringing suit which a would-be plaintiff must comply with. *See Gibson*, 201 F.3d at 994; *see, e.g., Rannels*, 731 F. Supp. at 1221; *Suber*, 722 F. Supp. at 742; *Popkins*, 611 F. Supp. at 812. Chatonda does not allege in her Complaint that she exhausted her administrative remedies under either Act.

For claims of race discrimination, the first step towards exhausting a putative plaintiff's administrative remedies under Title VII is the filing of a timely charge of race discrimination with the EEOC. *See* 42 U.S.C. § 2000e-5(e). Under the Age Discrimination Act of 1975 a would-be plaintiff's administrative remedies are exhausted if one hundred and eighty days have elapsed since the complainant filed a complaint before the relevant federal funding agency and the agency has made no finding, or if the agency has found in favor of the complainant, no matter in what time period. *See* 42 U.S.C. § 6104(f) and 45 C.F.R. § 90.50(a). Furthermore, before filing a complaint in federal court under the Age Discrimination Act a complainant must give thirty days' notice by registered mail to the Secretary of Health and Human Services, the Attorney General, the head of the granting agency, and the grant recipient. *See* 42 U.S.C. § 6014(e)(1) and 45 C.F.R. § 09.50(b)(3)(iii). The notice must state the alleged violation of the Age Discrimination Act, the relief requested, the court in which the action will be brought, and whether attorneys' fees will be demanded if the complainant prevails. *See* 42 U.S.C. § 6104(e)(2) and 45 C.F.R. § 90.50(b)(3)(iv). A putative plaintiff's failure to exhaust her administrative remedies under the Age Discrimination Act properly results in the cause of action being dismissed. *See Homola*, 14 F.3d at *1; *see, e.g., Gibson*, 201 F.3d at 994; *Rannels*, 731 F. Supp. at 1221; *Suber*, 722 F. Supp. at 742; *Popkins*, 611 F. Supp. at 812. Failure to file a charge of discrimination with the EEOC alleging a violation of Title VII will result in dismissal unless the plaintiff can prove an equitable defense—such as waiver, estoppel, or equitable tolling—to excuse her failure to exhaust her administrative remedies. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Gibson*, 201 F.3d at 993. Here, Chatonda cannot avail herself of any equitable defenses to excuse her failure to exhaust her claims with the EEOC before commencing the present action in this Court. Therefore, Chatonda's federal statutory claims arising under Title VII and the Age Discrimination Act of 1975 are dismissed

due to her failure to exhaust her administrative remedies under the requirements of both Acts.

This leaves only Chatonda's supplemental state-law claim alleging breach of contract. This Court has jurisdiction over that claim pursuant to its grant of authority under 28 U.S.C. § 1367, which confers supplemental jurisdiction on this Court over pendent state-law claims that are appended onto any claim arising under federal law for which the Court has original jurisdiction. "When the federal claim in a case drops out before trial, the presumption is that the district judge will relinquish jurisdiction over any supplemental claim to the state courts." *Leister v. Dovetail, Inc.*, 546 F.3d 875, 882 (7th Cir. 2008). Here, the Court has been divested of all of its jurisdiction over the claims that gave rise to its original grant of jurisdiction pursuant to 28 U.S.C. § 1367(c)(3), and therefore it may dismiss the supplemental state-law claim without having to consider the statutory criteria contained in subsections (1), (2), or (4). Because Chatonda's claims arising under federal law are dismissed, the Court relinquishes supplemental jurisdiction over her pendent state-law claim for breach of contract to the state courts if she wishes to proceed with them in that forum.

Chatonda has also filed a motion for the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). Civil litigants in federal court do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Whether to appoint counsel for a civil litigant is a matter left to this Court's sound discretion. *See Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). Because Chatonda's cause of action is dismissed in its entirety, her Motion for the Appointment of Counsel is denied as moot.

For the reasons stated above, Petitioner's Motion to Proceed *In Forma Pauperis* is denied because her federal statutory claims are improperly before the Court, and are therefore dismissed. Because the Court dismisses Chatonda's federal claims, it relinquishes supplemental jurisdiction over her pendent state-law claim to the state courts if she wishes to proceed with them in that forum. Chatonda's Motion for the Appointment of Counsel is denied as moot because her cause of action is dismissed by this Court.